| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | ABRAHAM, FRUCHTER, & TWERSKY, LLP | POMERANTZ LLP |
|---|---|---|

**HARWOOD FEFFER LLP**

November 17, 2016

Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: *In re SunEdison, Inc., Securities Litigation*, 16 MD No. 2742, 16-mc-2742
      (PKC)(AJP)(S.D.N.Y)

Dear Judge Castel,

  The above-listed law firms collectively represent plaintiffs in the five separate securities and ERISA class action cases ("Plaintiffs") currently pending before Your Honor in the above-captioned MDL proceeding as set forth below. We write to provide the information called for by the Court in its October 26, 2016 Order (ECF No. 16).

  By way of background, court-appointed Lead Plaintiff in *In re SunEdison, Inc. Securities Litigation*, 1:16-cv-07917-PKC (S.D.N.Y.), the Municipal Employees' Retirement System of Michigan ("MERS"), initiated the petition before the Judicial Panel on Multidistrict Litigation to centralize all of these Actions in this Court after SunEdison, Inc. declared bankruptcy. MERS made this petition in order to preserve the wasting insurance policies that unfortunately cover the defense of all SunEdison Directors and Officers ("D&Os") as well as the D&Os of SunEdison's two spun-off, separately-traded "yieldco" companies, TerraForm Power, Inc., and TerraForm Global, Inc., in all of these pending cases. The litigation and potential resolution of all Actions in this MDL will be drawing from this same wasting resource and a limited fund. Accordingly, as set forth below, Plaintiffs also have requested Defendants to consider early mediation for all of these actions in the hopes of reaching a global settlement before these insurance policies are exhausted by litigation.

  On November 2, 2016, the Official Committee of Unsecured Creditors (the "Committee") filed with the United States Bankruptcy Court for the Southern District of New York an adversarial proceeding against each of the plaintiffs in these MDL actions, seeking to stay each of these Actions in order to preserve the wasting insurance policies for the Committee's benefit. Curiously, the Committee failed to show cause in writing before this Court why any judicially imposed stay currently in place for certain of these Actions should not be vacated, as required by Your Honor's October 26, 2016 Order (ECF No. 16). Plaintiffs' responses to the Committee's motion in the Bankruptcy Court are due November 29, 2016. However, most recently, the Committee has

informed the Bankruptcy Court that it may be putting its adversarial motion in abeyance and seeking an order from the Bankruptcy Court directing the Committee and the D&O defendants the Committee is planning to sue into early mediation. We understand that the Committee may also ask Your Honor to direct the parties to these MDL Actions into early mediation as well and to fully stay all of the litigation before Your Honor pending mediation.

While Plaintiffs obviously do not oppose early mediation, we would oppose any such stay. In our experience, a stay of all proceedings at this early juncture would actually be counter-productive to the settlement process. In our view, the pressure of ongoing proceedings, litigation deadlines and possible court rulings is helpful, if not necessary, to get the parties to work toward promptly resolving these cases.

**I.    Schedule For Complaints & Pre-Motion Letters
(Paragraphs 5 & 8 Of The October 16, 2016 Order)**

Following meet-and-confer conversations with Defendants, Plaintiffs propose the following schedule for the filing of consolidated complaints and pre-motion letters in each of the securities and ERISA class actions:

**A.    The SunEdison Securities Class Action, *In re SunEdison, Inc. Securities Litigation*, 1:16-cv-07917-PKC (S.D.N.Y.)**

Judge Sippel of the Eastern District of Missouri appointed MERS as Lead Plaintiff in the SunEdison Securities Class Action on March 24, 2016. ECF No. 53. MERS filed its Amended Consolidated Class Action Complaint (the "SunEdison Complaint") on July 22, 2016. ECF No. 69. MERS does not intend to further amend the SunEdison Complaint at this time.[1] Accordingly, the parties in this action propose that Defendants in the SunEdison Securities Class Action file any pre-motion letters addressed to the face of the SunEdison Complaint no later than twenty-one days after the date of entry of an order requiring Defendants' response. The parties further propose that MERS would respond to any such letter fourteen days later.

**B.    The TerraForm Power Securities Class Action, *Chamblee v. TerraForm Power, Inc. et al.*, No. 1:16-cv-08039-PKC (S.D.N.Y.)**

Judge Xinis of the District of Maryland appointed Clemens Schlettwein and Jerome Spindler as Lead Plaintiffs in the TerraForm Power Securities Class Action on July 28, 2016. ECF No. 50. Lead Plaintiffs filed their Amended Consolidated Class Action Complaint (the "TerraForm Power Complaint") on September 26, 2016. ECF No. 54. Lead Plaintiffs do not

---

[1] The plaintiffs in *Bloom et al v. SunEdison, Inc. et al,* 1:16-cv-07427-PKC (S.D.N.Y.) ("*Bloom I*") and *Bloom et al v. SunEdison, Inc. et al.*, 1:16-cv-07528-PKC (S.D.N.Y.) (*"Bloom II"),* which are putative class actions purporting to bring some of the same claims contained in the SunEdison Complaint, have consented to consolidate their claims with the SunEdison Securities Class Action. MERS and the *Bloom* plaintiffs will submit a proposed consolidation order to the Court for its consideration.

intend to further amend the TerraForm Power Complaint at this time.  Accordingly, the parties in this action propose that Defendants in the TerraForm Power Securities Class Action file any pre-motion letters addressed to the face of the TerraForm Power Complaint no later than twenty-one days after the date of entry of an order requiring Defendants' response.  The parties further propose that Schlettwein and Spindler would respond to any such letter fourteen days later.

### C. The TerraForm Global Securities Class Action, *Pyramid Holdings, Inc. v. TerraForm Global, Inc. et al.*, No. 1:16-cv-07981-PKC (S.D.N.Y.)

Judge Freeman of the Northern District of California appointed Pyramid Holdings, Inc. ("Pyramid Holdings") as Interim Lead Plaintiff in the TerraForm Global Securities Class Action on June 2, 2016 (ECF No. 80), while motions to remand certain related putative class actions were pending.  Plaintiffs in this action propose that the Court finalize the appointment of Pyramid as Lead Plaintiff and Abraham, Fruchter, & Twersky, LLP ("Abraham Fruchter") as Lead Counsel.  There is no objection by any other Plaintiff to that request.

The parties propose that Pyramid Holdings will file a Consolidated Class Action Complaint (the "TerraForm Global Complaint") twenty-one days after a Lead Plaintiff is appointed.  The parties propose that Defendants file any pre-motion letters addressed to the face of the TerraForm Global Complaint no later than twenty-one days after the filing of the TerraForm Global Complaint.  The parties further propose that Pyramid would respond to any such letter fourteen days later.

### D. The Vivint Solar Securities Class Action, *Church v. Chatila et al.*, 1:16-cv-07962-PKC (S.D.N.Y) ("*Church*")

The motion by Don Harris ("Harris") for appointment as Lead Plaintiff in this Action was not contested.  However, the Eastern District of Missouri had not yet issued an opinion appointing Harris as Lead Plaintiff before that action was transferred to this Court.

Plaintiffs in this action propose that the Court order the appointment of Harris as Lead Plaintiff and Pomerantz LLP as Lead Counsel.  There is no objection to this request by any other Plaintiff. Harris would then file a Consolidated Class Action Complaint (the "Vivint Solar Complaint") within fourteen days of being appointed Lead Plaintiff.  The parties in this action propose that Defendants file any pre-motion letters addressed to the face of the Vivint Solar Complaint no later than twenty-one days after the filing of the Vivint Solar Complaint.  The parties further propose that Harris would respond to any such letter fourteen days later.

### E. SunEdison ERISA Action, *Usenko et al. v. SunEdison, Inc. et al.*, 1:16-cv-07950-PKC (S.D.N.Y.)

On March 9, 2016, Judge Sippel of the Eastern District of Missouri consolidated related ERISA actions, *Dull et al. v. SunEdison, Inc. Investment Committee et al.*, 1:16-cv-08163-PKC (S.D.N.Y.), *Linton v. SunEdison, Inc. et al*, 1:16-cv-08165-PKC (S.D.N.Y.), and *Wheeler v. SunEdison, Inc. et al.*, 1:16-cv-08166-PKC (S.D.N.Y.) with the above-referenced SunEdison ERISA Action. ECF No. 33.  At the time the ERISA consolidated action was stayed (ECF No.

52), there were competing, pending motions for appointment of Interim Lead Counsel filed by Plaintiff Usenko ("Usenko") (ECF No. 37) and Plaintiff Wheeler ("Wheeler") (ECF No. 35). Since then, Plaintiffs have reached a consensual leadership structure subject to the Court's approval with counsel for plaintiff Usenko, Harwood Feffer LLP, acting as Interim Lead Counsel, and with counsel for plaintiffs Dull, O'Day, Linton, and Wheeler (namely the law firms of Bottini & Bottini, Inc., Levi & Korsinksy LLP, and Gainey McKenna & Egleston) serving as an Executive Committee.

Plaintiffs in this action propose that after the Court enters an order appointing Interim Lead Counsel, Plaintiffs would then file a Consolidated Complaint (the "SunEdison ERISA Complaint") within thirty days thereafter. The parties propose that Defendants file any pre-motion letters addressed to the face of the SunEdison ERISA Complaint no later than thirty days after the filing of the SunEdison ERISA Complaint. The parties further propose that Plaintiffs would respond to any such letter fourteen days later.

### II. Case Information (Paragraph 9 Of The October 16, 2016 Order)

In accordance with Paragraph 9 of the Court's October 16, 2016 Order, set forth below is the relevant information concerning the parties, claims, and procedural posture of each of the securities and ERISA class actions.

#### A. The SunEdison Securities Class Action, *Horowitz et al. v. SunEdison, Inc. et al.*, 1:16-cv-07917-PKC (S.D.N.Y.)

**9(a): Parties Represented By Counsel (Bernstein Litowitz Berger & Grossmann LLP)**

- Lead Plaintiff the Municipal Employees' Retirement System of Michigan (defined above as "MERS")
- Named Plaintiff Arkansas Teacher Retirement System ("ATRS")

**9(b): Parties Served**

No parties remain to be served. All of the following defendants have been served or waived service:

- SunEdison President and Chief Executive Officer Ahmad Chatila
- SunEdison Chief Financial Officer Brian Wuebbels
- Director Emmanuel Hernandez
- Director Antonio R. Alvarez
- Director Peter Blackmore
- Director Clayton C. Daley, Jr.
- Director Georganne Proctor
- Director Steven V. Tesoriere
- Director James B. Williams

Hon. P. Kevin Castel
November 17, 2016
Page 5

- Director Randy H. Zwirn
- Underwriter Goldman, Sachs & Co.
- Underwriter Merrill Lynch, Pierce, Fenner & Smith Incorporated
- Underwriter Deutsche Bank Securities Inc.
- Underwriter Morgan Stanley & Co. LLC
- Underwriter J.P. Morgan Securities LLC
- Underwriter Macquarie Capital (USA), Inc.
- Underwriter MCS Capital Markets LLC
- SunEdison's outside auditor, KPMG LLP

### 9(c): Brief Statement Of The Nature Of The Action

This is a securities class action on behalf of all persons and entities who purchased or acquired the securities of SunEdison, Inc. ("SunEdison" or the "Company") between August 7, 2014 and April 4, 2016, inclusive (the "Class Period"). The action asserts (a) claims under Sections 10(b) and 20(a) of the Exchange Act against former SunEdison CEO Ahmad Chatila ("Chatila") and former CFO Brian Wuebbels ("Wuebbels"); and (b) claims under Sections 11, 12(a)(2) and 15 of the Securities Act against CEO Chatila, CFO Wuebbels, SunEdison's outside Directors, the Underwriters of SunEdison's August 18, 2015 Preferred Offering, and SunEdison's outside auditor, KPMG LLP, in connection with alleged material misstatements in and omissions from the offering materials for SunEdison's August 18, 2015 Offering of SunEdison preferred stock (the "Preferred Offering"). ATRS purchased preferred stock in the Preferred Offering and represents investors in that offering.

Lead Plaintiff alleges in the SunEdison Complaint (ECF No. 69) that, throughout the Class Period, SunEdison defrauded and/or misled investors by making materially false and misleading misrepresentations and omissions with regard to the Company's liquidity position and available cash, the efficacy of its internal controls over financial reporting, the Company's debt profile and misclassification of over $700 million of debt, as well as matters relating to certain large loans that the Company had taken out (which included both a $410 million two-year loan (the "Margin Loan") and a roughly $170 million loan at a 15% interest rate (the "Goldman Sachs Loan")).

Lead Plaintiff alleges that investors began to learn the truth about the Company's true financial condition through a series of corrective disclosures beginning on August 25, 2015 and continuing through April 4, 2016, the last day of the Class Period. During this period, news emerged that, *inter alia*: (i) a margin call had been made on SunEdison's Margin Loan; (ii) SunEdison had reclassified over $700 million worth of debt from non-recourse to recourse debt (meaning that the lender could now recover the loans directly from the Company); (iii) the Company had secretly entered into the exorbitant 15% Goldman Sachs Loan, which was not disclosed in connection with the Preferred Offering; (iv) SunEdison would be delaying the filing of its 2015 Form 10-K and that the Company's Audit Committee had an initiated an investigation concerning the accuracy of SunEdison's financial representation; (v) the SEC was investigating SunEdison concerning the Company's representations as to its liquidity; (vi) the DOJ was similarly

investigating SunEdison; (vii) SunEdison was entering into debtor-in-possession negotiations and would likely be filing for bankruptcy; and (viii) TerraForm Global, Inc. had filed a highly detailed and damning complaint against SunEdison – its own parent company – in Delaware Chancery Court that accused SunEdison's executives of <u>fraud</u>. In response to these disclosures of the truth concerning SunEdison (including certain defendants' fraudulent misconduct), the price of SunEdison's common stock fell from $21.59 on August 7, 2014 to just $0.21 on April 4, 2016 – a staggering decline of over 99%.

### 9(d): Description Of Existing Deadlines, Due Dates And/Or Cut-Off Dates

There are no existing deadlines, due dates and/or cut-off dates. Pursuant to Judge Sippel's July 19, 2016 Order (ECF No. 68), Defendants are not currently required to answer or otherwise respond to the SunEdison Securities Complaint, filed on July 22, 2016.

### 9(e): Description Of Existing Outstanding Motions

As noted above, the Committee has filed an adversarial motion in the Bankruptcy Court seeking to stay all of the MDL Actions. Further, Plaintiffs understand that the Committee intends to seek an order staying these MDL Actions and ordering the parties into an early mediation. Plaintiffs would oppose any such blanket stay.

### 9(f): Description Of Discovery That Has Taken Place

No discovery has taken place in this Action.

### 9(g): List Of Prior Settlement Discussions

Plaintiffs have proposed to Defendants that the parties engage in early mediation to discuss settlement of this and all of the Actions in the MDL.

### 9(h): Any Other Information

As set forth above, as a result of SunEdison's bankruptcy, a single set of wasting insurance policies covers the defense of all SunEdison executives and the executives of TerraForm Power and TerraForm Global. Accordingly, the litigation and potential resolution of all Related Actions will be drawing from this same diminishing resource and limited fund.

**B.     The TerraForm Power Securities Class Action, *Chamblee v. TerraForm Power, Inc. et al.*, No. 1:16-cv-08039-PKC (S.D.N.Y.)**

### 9(a):   Parties Represented By Counsel (Pomerantz LLP)

- Lead Plaintiff Clemens Schlettwein
- Lead Plaintiff Jerome Spindler
- Named Plaintiff John Chamblee

Hon. P. Kevin Castel
November 17, 2016
Page 7

**9(b):   Parties Served**

No parties remain to be served. All of the following defendants have been served or waived service:

- TerraForm Power, Inc.
- Ahmad Chatila was Chairman of the Board of TerraForm Power from January 2014 to November 20, 2015 and remained a Director until May 26, 2016.
- Carlos Domenech Zornoza was President, Chief Executive Officer and a Director of TerraForm Power from January 2014 until his termination on November 20, 2015
- Brian Wuebbels was a TerraForm Power Director since January 2014, and the company's President and Chief Executive Officer from November 20, 2015 until his resignation on March 30, 2016.
- Alejandro Hernandez served as TerraForm Power's Executive Vice President and Chief Financial Officer from September 17, 2014 until his termination on November 20, 2015.

**9(c):   Brief Statement Of The Nature Of The Action**

As set forth in Lead Plaintiffs' Amended Complaint (ECF No. 54), this is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired TerraForm Power securities between July 18, 2014 and March 15, 2016, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, against TerraForm Power and certain former directors and senior executive officers of the company.

TerraForm Power was formed by its controlling shareholder, SunEdison, to own and operate solar and wind generation assets acquired or "dropped down" primarily from SunEdison, but also from unaffiliated third parties. During the Class Period, the company did not have any employees. SunEdison provided TerraForm Power with managerial and administrative services, including accounting, audit, information technology, financial back-office and cash-management functions pursuant to a Management Services Agreement between TerraForm Power and SunEdison ("Management Services Agreement"). Additionally, throughout the Class Period, TerraForm Power shared significant overlapping management and Board members with SunEdison. TerraForm Power's management was controlled by, and beholden to, SunEdison. Management services were provided to TerraForm Power in accordance with the Management Services Agreement and SunEdison determined and paid TerraForm Power management's compensation.

Through its stock ownership, Board and managerial control, and TerraForm Power's reliance on SunEdison for drop down acquisitions and essential services under the Management

Services Agreement, SunEdison exercised unfettered control over the business and affairs of TerraForm Power (except for the authority delegated to the Corporate Governance and Conflicts Committee of TerraForm Power's Board of Directors to review and authorize related-party transactions).

Throughout the Class Period, defendants made materially false and/or misleading statements and/or omitted to state material facts that they knew or recklessly disregarded. Specifically: (i) that TerraForm Power's Management Services Agreement with SunEdison exposed TerraForm Power to risks associated with SunEdison's woefully inadequate internal financial controls; and consequently, TerraForm Power lacked effective internal financial controls which resulted in the company being incapable of producing accurate financial statements; (ii) that SunEdison, its parent company and controlling shareholder, on which TerraForm Power was admittedly dependent for all essential services and drop down acquisitions, was misrepresenting and omitting material facts concerning its debt and liquidity posing significant risk to TerraForm Power's stated growth strategy; and (iii) that due to its liquidity crisis, SunEdison was forcing TerraForm Power to improperly expend its own cash and resources to fund SunEdison's operations well beyond the requirements of the Master Services Agreement. When the truth was disclosed on November 9, 2015 and March 16, 2016, the market value of the company's common stock declined as follows:

> $3.87, or 21.15%, from a closing price of $18.30 per share on November 9, 2015 to a closing price of $14.43 per share on November 10, 2015; and

> $0.83, or 7.87%, from a closing price of $10.55 per share on March 15, 2016 to a closing price of $9.72 per share on March 16, 2016.

The total estimated loss in market capitalization resulting from the disclosures on these two dates is approximately $361 million.

### 9(d): Description Of Existing Deadlines, Due Dates And/Or Cut-Off Dates

Pursuant to the Judge Xinis' July 28, 2016 Order (ECF No. 50), Lead Plaintiffs' Amended Complaint was due on September 26, 2016; Defendants' Motion to Dismiss was due on November 25, 2016; Lead Plaintiffs' opposition papers were due on January 24, 2017; and Defendants' reply papers were due on February 23, 2017.

On September 26, 2016, Lead Plaintiffs filed their Amended Complaint (ECF No. 54).

### 9(e): Description Of Existing Outstanding Motions

As noted above, the Committee has filed an adversarial motion in the Bankruptcy Court seeking to stay all of the MDL Actions. Further, Plaintiffs understand that the Committee intends to seek an order staying these MDL Actions and ordering the parties into an early mediation. Plaintiffs would oppose any such blanket stay.

### 9(f): Description Of Discovery That Has Taken Place

No discovery has taken place in this Action.

### 9(g): List Of Prior Settlement Discussions

There have been no prior settlement discussions, but Lead Plaintiffs agree that the parties should engage in early mediation to discuss settlement of this and all of the Actions in the MDL.

### 9(h): Any Other Information

Plaintiffs have the same concerns as expressed by the SunEdison Plaintiffs in Section II A. 9(h) above regarding a single set of insurance policies that supposedly cover the defense of all TerraForm Power directors and officers, as well as the directors and officers of SunEdison and TerraForm Global.

**C.   The TerraForm Global Securities Class Action,** *Pyramid Holdings, Inc. v. TerraForm Global, Inc. et al.*, **No. 1:16-cv-07981-PKC (S.D.N.Y.)**

### 9(a): Parties Represented By Counsel (Abraham Fruchter & Twersky LLP)

Lead Plaintiff Pyramid Holdings, Inc.

### 9(b): Parties Served

No parties remain to be served.  All of the following defendants have been served:

- TerraForm Global, Inc.
- SunEdison, Inc.
- Ahmad Chatila
- Carlos Domenech Zornoza
- Jeremy Avenier
- Martin Truong
- Brian Wuebbels
- JP Morgan Securities LLC
- Barclays Capital, Inc.
- Citigroup Global Markets Inc.
- Morgan Stanley & Co. LLC
- Goldman Sachs & Co.
- Merrill Lynch Pierce Fenner & Smith Incorporated
- Deutsche Bank Securities Inc.
- BTG Pactual US Capital, LLC
- ITAU BBA USA Securities, Inc.
- SMBC Nikko Securities America, Inc.
- SG Americas Securities, LLC
- Kotak Mahindra, Inc.

### 9(c): Brief Statement Of The Nature Of The Action

The TerraForm Global Securities Class Action is brought on behalf of all persons and entities who purchased or acquired the securities of TerraForm Global, Inc. ("TerraForm Global") in or traceable to its Initial Public Offering ("IPO") on July 31, 2015. The Action alleges claims for violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") against TerraForm Global, SunEdison, TerraForm Global and SunEdison's officers and directors, and the underwriters of TerraForm Global's IPO (collectively, the "*Pyramid Holdings* Defendants"). Specifically, the Action alleges that the *Pyramid Holdings* Defendants failed to disclose a number of problems concerning TerraForm Global's business and prospects in the offering documents for the IPO.

TerraForm Global was structured as a "YieldCo" whereby its parent company and sponsor, SunEdison, would purchase and develop clean energy projects that SunEdison would then sell to TerraForm Global to manage. The ongoing income streams from those projects would serve as a source of dividends to shareholders. However, SunEdison was experiencing severe losses and liquidity problems leading up to and at the time of the TerraForm Global IPO, which hampered SunEdison's ability to source and develop projects to sell to TerraForm Global. Within two months of the IPO, SunEdison announced that it would be abandoning its YieldCo strategy and pivoting to third-party sales through at least 2016, rather than sell any projects to TerraForm Global, due to SunEdison's deteriorating financial condition. Because TerraForm Global's business model was dependent upon the financial health of SunEdison, the failure to disclose SunEdison's financial problems rendered the TerraForm Global offering documents materially untrue, inaccurate and misleading. As the truth began to emerge after the IPO, the value of TerraForm Global stock dropped significantly.

### 9(d): Description Of Existing Deadlines, Due Dates And/Or Cut-Off Dates

There are no existing deadlines, due dates and/or cut-off dates. As a consequence of the pendency of the motions to remand and the motions to transfer, Judge Freeman previously concluded that the filing of a consolidated complaint was premature (Pyramid *Holdings* ECF No. 80). As those motions will either be withdrawn or have been resolved, and as plaintiffs in all the pending TerraForm Global class actions consent, Pyramid now seeks an Order from this Court; 1) consolidating all the TerraForm Global class actions pending before it; 1) appointing Pyramid as Lead Plaintiff, and AF&T, as Lead Counsel in the consolidated class action; and 2) granting Pyramid leave to file a consolidated class action complaint (the "TerraForm Global Class Complaint," as previously defined) within 21 days from the order appointing Lead Plaintiff. As set forth above, the parties propose that the *Pyramid Holdings* Defendants file any pre-motion letters addressed to the face of the TerraForm Global Class Complaint no later than twenty-one days after the filing of the TerraForm Global Class Complaint. The parties further propose that Pyramid would respond to any such letter twenty-one days later.

**9(e): Description Of Existing Outstanding Motions**

The only substantive, currently non-moot motions pending before this Court are remand motions for the cases originating in state court. However, as stated earlier, counsel for the plaintiffs in those cases have informed AF&T that they intend to withdraw those motions. Also, as noted above, the Committee has filed an adversarial motion in the Bankruptcy Court seeking to stay all of the MDL Actions. Further, Plaintiffs understand that the Committee intends to seek an order staying these MDL Actions and ordering the parties into an early mediation. Plaintiffs would oppose any such blanket stay.

**9(f): Description Of Discovery That Has Taken Place**

No discovery has taken place in this Action.

**9(g): List Of Prior Settlement Discussions**

Pyramid seeks to participate in any proposed mediations between the parties, so long as the key *Pyramid Holdings* Defendants are represented.

**9(h): Any Other Information**

As set forth above, as a result of SunEdison's bankruptcy, a single set of wasting insurance policies covers the defense of all SunEdison executives and the executives of TerraForm Power and TerraForm Global. Accordingly the litigation and potential resolution of all Related Actions will be drawing from this same diminishing resource.

D. **The Vivint Solar Securities Class Action,** *Church v. Chatila et al.*, **1:16-cv-07962-PKC (S.D.N.Y) ("*Church*")**

9(a): Parties Represented By Counsel (Pomerantz LLP)

- Plaintiff Darcy Church
- Plaintiff Don Harris, whose unopposed motion for appointment as lead plaintiff remains pending

9(b): Parties Served

No parties remain to be served; all of the following defendants have waived service:

- Ahmad Chatila
- Brian Wuebbels

9(c): Brief Statement Of The Nature Of The Action

This is a federal securities class action on behalf of all persons and entities (other than Defendants and their affiliates) who purchased or held the publicly traded securities of Vivint Solar, Inc. between July 20, 2015 and March 7, 2016 (both dates inclusive), seeking compensable damages caused by Defendants' violations of the federal securities laws.

The complaint alleges that Defendants Ahmad R. Chatila and Brian Wuebbels, respectively the CEO and CFO of SunEdison, reached a merger agreement in July 2015 for SunEdison to acquire Vivint and spent the next nine months reassuring Vivint shareholders that the merger transaction would be completed, boosting Vivint's stock price. Defendants' reassuring statements were false and misleading because Defendants knew SunEdison could not obtain the necessary financing and accordingly knew the merger transaction would not be completed.

### 9(d) and (e): Description Of Existing Deadlines, Due Dates And/Or Cut-Off Dates; and Description Of Existing Outstanding Motions

Plaintiff Don Harris's unopposed motion for appointment as lead plaintiff (ECF No. 3) remains pending.

Plaintiffs intend to file an amended complaint, but there is no deadline to do so.

Pursuant to a stipulated order dated September 8, 2016 (ECF No. 32), Defendants were not required to answer or otherwise respond to the complaint "until after the Court appoints a Lead Plaintiff and such plaintiff has filed a consolidated or amended complaint." The stipulated order further provided that if a lead plaintiff had not been appointed by October 31, 2016, and the parties had not extended this deadline by written agreement, then Defendants would have until December 2, 2016 to answer or otherwise respond to the complaint. However, this December 2, 2016 deadline is stayed by this Court's November 2, 2016 order (MDL ECF No. 18).

As noted above, the Committee has filed an adversarial motion in the Bankruptcy Court seeking to stay all of the MDL Actions. Further, Plaintiffs understand that the Committee intends to seek an order staying these MDL Actions and ordering the parties into an early mediation. Plaintiffs would oppose any such blanket stay.

### 9(f): Description Of Discovery That Has Taken Place

None.

### 9(g): List Of Prior Settlement Discussions

There have been no prior settlement discussions, but Plaintiffs agree that the parties should engage in early mediation to discuss settlement of this and all of the Actions in the MDL.

### 9(h): Any Other Information

Plaintiffs have the same concerns as expressed by the SunEdison Plaintiffs in Section II A. 9(h) above regarding a single set of insurance policies that supposedly cover the defense of all SunEdison directors and officers, as well as the directors and officers of TerraForm Power and TerraForm Global.

E.  **SunEdison ERISA Action,** *Usenko et al. v. SunEdison, Inc. et al.*, **1:16-cv-07950-PKC (S.D.N.Y.)**

### 9(a): Parties Represented By Counsel

- Plaintiff Alexander Usenko is represented by Harwood Feffer LLP.
- Plaintiffs Julie Dull and Eric O'Day are represented by Bottini & Bottini, Inc.
- Plaintiff Robert Linton is represented by Levi & Korsinksy LLP.
- Plaintiff Richard Wheeler is represented by Gainey McKenna & Egleston.

### 9(b): Parties Served

No parties remain to be served. All defendants have been served or have waived service of the summons and complaint, including: State Street Bank & Trust Co. ("State Street"), the Investment Committee, Antonio R. Alvarez, Ahmad R. Chatila, Emmanuel T. Hernandez, Peter Blackmore, Clayton C. Daley, Jr., Georganne C. Proctor, Steven V. Tesoriere, James B. Williams, Randy H. Zwirn, and Matthew Herzberg. State Street is represented by DLA Piper LLP (US). All other defendants are represented by Sidley Austin LLP.

### 9(c): Brief Statement Of The Nature Of The Action

Plaintiffs allege that defendants breached their duties to the Plan and the class members who were participants in the SunEdison Retirement Savings Plan (the "Plan") by, among other things, keeping SunEdison common stock as an investment option under Plan because a reasonable fiduciary would not have done so by using the "care, skill, prudence, and diligence… that a prudent man acting in a like capacity and familiar with such matter would use." See ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). In summary, plaintiffs allege that the defendants permitted the Plan to continue to offer SunEdison stock as an investment option to Plan participants even after they knew or should have known that during the proposed Class Period (which starts on August 6, 2015) that: (1) SunEdison stock was artificially inflated; (2) SunEdison was in extremely poor financial condition; and (3) SunEdison faced equally poor long term prospects, making it an imprudent retirement investment for the Plan. Plaintiffs allege that defendants were empowered, as fiduciaries, to remove SunEdison stock from the Plan's investment options, yet they failed to do that, or to act in any way to protect the interests of the Plan or its participants, in violation of their legal obligations under ERISA.

### 9(d): Description Of Existing Deadlines, Due Dates And/Or Cut-Off Dates

There are no existing deadlines, due dates and/or cut-off dates. This action was stayed by Judge Sippel on April 26, 2016 Order (ECF No. 52) in response to the Notice of Bankruptcy for SunEdison (ECF No. 50) filed on April 25, 2016.

### 9(e): Description Of Existing Outstanding Motions

Competing motions for lead counsel were filed by plaintiffs Usenko and Wheeler. Since the filing of the motion, the plaintiffs have agreed, subject to Court approval, that Harwood Feffer LLP would act as Interim Lead Counsel, and that Bottini& Bottini, Inc., Levi & Korsinsky LLP, and Gainey McKenna & Egleston would serve as an Executive Committee. All of the firms have worked together previously and are prepared to present a proposed order for the Court's consideration.

As noted above, the Committee has filed an adversarial motion in the Bankruptcy Court seeking to stay all of the MDL Actions. Further, Plaintiffs understand that the Committee intends to seek an order staying these MDL Actions and ordering the parties into an early mediation. Plaintiffs would oppose any such blanket stay.

### 9(f): Description Of Discovery That Has Taken Place

No discovery has taken place in this Action.

### 9(g): List Of Prior Settlement Discussions

There have been no settlement discussions to date but Plaintiffs have proposed to Defendants that the parties engage in early mediation to discuss settlement of this and all of the Actions in the MDL.

Respectfully submitted,

| | |
|---|---|
| By: /s Jack G. Fruchter | By: /s Max W. Berger |
| Jack G. Fruchter | Max W. Berger |
| Mitchell M.Z. Twersky | Salvatore Graziano |
| **ABRAHAM, FRUCHTER & TWERSKY, LLP** | Katherine Sinderson |
| One Penn Plaza, Suite 2805 | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** |
| New York, NY 10119 | 1251 Avenue of the Americas |
| Telephone: (212) 279-5050 | New York, NY 10020 |
| Facsimile: (212) 279-3655 | Telephone: (212) 554-1400 |
| Email: JFruchter@aftlaw.com | Facsimile: (212) 554-1444 |
| Email: MTwersky@aftlaw.com | Email: MWB@blbglaw.com |
| | Email: Salvatore@blbglaw.com |
| | Email: KatieM@blbglaw.com |
| *Counsel for Interim Lead Plaintiff Pyramid Holdings, Inc. in Pyramid Holdings, Inc. v. TerraForm Global, Inc. et al.* | *Counsel for Lead Plaintiff the Municipal Employees' Retirement System of Michigan in In re SunEdison, Inc. Securities Litigation* |

Hon. P. Kevin Castel
November 17, 2016
Page 15

By: /s Jeremy A. Lieberman
Jeremy A. Lieberman
Brenda Szydlo
Jennifer Banner Sobers
**POMERANTZ LLP**
600 Third Avenue
Floor 20
New York, New York 10016
Phone: 212-661-1100
Fax: 917-463-1044
jalieberman@pomlaw.com
bszydlo@pomlaw.com
jbsobers@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Phone: 312-377-1181
Fax: 312-377-1184
pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiffs Clemens Schlettwein and Jerome Spindler and Plaintiff John Chamblee in Chamblee v. TerraForm Power, Inc., et al., No. 1:16-cv-08039-PKC (S.D.N.Y.)*

By: /s Robert I. Harwood
Robert I. Harwood
Daniella Quitt
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630
Email: rharwood@hfesq.com
Email: dquitt@hfesq.com

*Proposed Interim Lead Counsel for SunEdison ERISA Action*

By: /s Jeremy A. Lieberman
Jeremy A. Lieberman
Murielle J. Steven Walsh
Aatif Iqbal
**POMERANTZ LLP**
600 Third Avenue
Floor 20
New York, New York 10016
Phone: 212-661-1100
Fax: 917-463-1044
jalieberman@pomlaw.com
mjsteven@pomlaw.com
aiqbal@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Phone: 312-377-1181
Fax: 312-377-1184
pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Don Harris and Plaintiff Darcy Church in Church v. Chatila, et al., No. 1:16-cv-07962-PKC (S.D.N.Y.)*